# 6yUnited States Court of Appeals
## For the First Circuit

No. 25-1829

THE FAMILY PLANNING ASSOCIATION OF MAINE, d/b/a Maine Family Planning,

Plaintiff - Appellant,

v.

UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES; ROBERT F. KENNEDY, JR., in the official capacity as Secretary of Health & Human Services; MEHMET OZ, in the official capacity as the Administrator of the Centers for Medicare & Medicaid Services; CENTERS FOR MEDICARE & MEDICAID SERVICES,

Defendants - Appellees.

Before

Barron, Chief Judge,
Montecalvo and Aframe, Circuit Judges.

**ORDER OF COURT**

Entered: October 16, 2025

This is an appeal from an August 25 order in the District Court for the District of Maine denying a motion for a preliminary injunction. After taking its appeal to this court, Plaintiff-Appellant sought from the district court an injunction pending appeal, which the district court denied on September 8. Plaintiff-Appellant then on September 17 filed in this court a "Motion for an Injunction Pending Appeal" (the "Motion"). The Government filed a response to the Motion on September 26. Plaintiff-Appellant then on September 29 filed a "Notice Regarding Pending Motion for Injunction Pending Appeal," indicating that Plaintiff-Appellant would not file a reply in support of its Motion and requesting that this court issue a ruling by 5:00 p.m. on September 30.

After careful review of the Motion, we conclude that Plaintiff-Appellant has not met the demanding standard for an injunction pending appeal. "[T]he bar is harder to clear" where, as here, Plaintiff-Appellant seeks an injunction pending appeal rather than a stay of a ruling pending appeal. Bos. Parent Coal. for Acad. Excellence Corp. v. Sch. Comm. of City of Bos., 996 F.3d 37, 44 (1st Cir. 2021); see Together Emps. v. Mass Gen. Brigham Inc., 19 F.4th 1, 7 (1st Cir. 2021)

(noting the four factors relevant to an injunction pending appeal). Plaintiff-Appellant claims only that the challenged statutory provision cannot survive rational basis review under the Equal Protection component of the Fifth Amendment to the United States Constitution. In seeking to satisfy its burden on the first factor to "make a strong showing that they are likely to succeed on the merits," Together Emps, 19 F.4th at 7, Plaintiff-Appellant relies principally on a decision by a sister circuit that saw summary affirmance by the Supreme Court, see Planned Parenthood of Minn. v. Minnesota, 612 F.2d 359 (8th Cir.), aff'd sub nom. Minnesota v. Planned Parenthood of Minn., 448 U.S. 901 (1980), which Plaintiff-Appellant contends establishes that "targeting Planned Parenthood is not a rational basis for a restriction on funding for family planning." Given the differing grounds on which our sister circuit relied in granting declaratory relief in that case and the general difficulty of establishing that legislation fails under rational basis review, see González-Droz v. González-Colon, 660 F.3d 1, 9 (1st Cir. 2011) ("Rational basis review 'is a paradigm of judicial restraint.'") (quoting FCC v. Beach Commc'ns, Inc., 508 U.S. 307, 314 (1993)), we see no basis for issuing an injunction pending appeal.

Accordingly, the Motion is **DENIED**. The request for an expedited ruling is **DENIED** as moot. Any other requests for relief also are **DENIED**. The merits briefing schedule set previously remains in effect.

By the Court:

Anastasia Dubrovsky, Clerk

cc:
Faith E. Gay
Meetra Hope Mehdizadeh
Astrid Marisela Ackerman
Daniel Tenny
Lindsay Feinberg
Steven H. Hazel
Stephen C. Whiting
Nathan Jeremiah Moelker
Olivia F. Summers